1  W. PAUL SCHUCK (Cal. Bar No. 203717)
   *pschuck@bzbm.com*
2  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
3  One Embarcadero Center, Suite 800
   San Francisco, California  94111
4  Telephone:     (415) 956-1900
   Facsimile:     (415) 956-1152
5

6  ANDREW G. DINOVO (admitted *Pro Hac Vice*)
   *adinovo@dinovoprice.com*
7  CHRISTOPHER V. GOODPASTOR (Cal. Bar No. 199350)
   *cgoodpastor@dinovoprice.com*
8  DINOVO PRICE LLP
   7000 N. MoPac Expressway, Suite 350
9  Austin, TX  7873
   Telephone:     (512) 539-2626
10 Facsimile:     (512) 539-2627

11 Attorneys for Defendant
   MEETRIX IP, LLC
12

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16

17 BLUE JEANS NETWORK, INC.,            Case No. Case 3:22-cv-01055-SK

18            Plaintiff,                **NOTICE OF PENDENCY OF OTHER
                                        ACTION OR PROCEEDING**
19      v.
                                        **CIVIL L.R. 3-13**
20 MEETRIX IP, LLC,

21            Defendant.               The Hon. Magistrate Judge Sallie Kim

22

23

24

25

26

27

28

Pursuant to Civil L.R. 3-13, defendant Meetrix IP, LLC ("Meetrix") hereby provides notice of a related case pending in the Western District of Texas, *Meetrix IP, LLC v. Verizon Communications, Inc.,* Case No 21-CV-01289 (the "Texas case").[1]

## I.    Introduction

This case is a declaratory judgment action corresponding to a patent infringement lawsuit brought in 2021 in the Western District of Texas.  The two cases concern the same four patents and products.  The parties are essentially the same.  Indeed, declaratory judgment plaintiff relies upon the Texas case as a basis for declaratory judgment jurisdiction in this action.  (Dkt. 1, Complaint, ¶ 8.)  The instant case is merely an attempt by Plaintiff to engage in forum shopping and avoid a proper lawsuit in Texas.

Coordination of these overlapping lawsuits pursuant to Local Rule 3-13 would clearly promote judicial efficiency.  Currently, there is a pending motion to dismiss based upon lack of personal jurisdiction in the Texas case.  Determining the best way of coordinating or consolidating these lawsuits will be easier after resolution of that motion.  Accordingly, Meetrix requests that this case be stayed pending resolution of the motion in the Texas case; thereafter, the Court can best determine how to handle this litigation in light of the Texas case.

## II.    The Texas Case

In the Texas case, Meetrix has alleged infringement of the same four patents that are at issue in this case.  (Dkt. 1, Complaint, ¶ 8.)  Here, the plaintiff seeks a declaration of non-infringement of the identical patents.  (*Id.*, ¶ 1.)  Meetrix is a party in both cases.  The plaintiff in this case, Blue Jeans Network, Inc. ("Blue Jeans"), is a wholly-owned subsidiary of the defendant in the Texas case, Verizon Communications, Inc. ("Verizon").  (Dkt. 1, ¶ 3; Dkt. 2, Cert. of Interested Entities, at 1.)

The relevant web-conferencing product in both lawsuits is marketed by Verizon and BlueJeans as "BlueJeans by Verizon."  *See* https://www.bluejeans.com/blog/bluejeans-a-verizon-company.  The parties are currently engaged in jurisdictional discovery, and the jurisdictional

[1] A Copy of the Complaint in the Texas Case is attached to the Decl. of Andrew DiNovo ("DiNovo Decl.") as Exhibit 1.

1   issue has not been fully briefed and thus is not ripe for determination.  If allowed to go forward,

2   the Texas case will be the first-filed case and this case will be redundant and a waste of judicial

3   resources.

4   **III.    A Stay of This Case Would Promote Efficient Determination of the Action**

5           **A.    The Pending Motion in the Texas Case.**

6           Verizon has moved to dismiss the Texas case for lack of personal jurisdiction.  It argues

7   that it is a mere holding company, while acknowledging Verizon's many business operations in

8   the state of Texas.  The parties are actively engaged in discovery.  To the extent some form of

9   misnomer relating to the named parties needs be addressed, it can be done in the Texas case.

10          As referenced above, while Verizon claims in the Texas case that it has no relationship to

11  the accused product, it is typically referenced as "BlueJeans by Verizon," including on

12  Verizon.com.  https://www.verizon.com/business/products/voice-

13  collaboration/conferencing/bluejeans/

14          **B.    A Stay Pending Resolution of the Texas Motion Would Promote Judicial**

15                 **Efficiency.**

16          It would be inefficient to have two cases relating to the same patents and same product

17  proceeding simultaneously in two different forums.  Whether the Texas case is dismissed is

18  unquestionably relevant to whether or how the Texas case and this case are coordinated.  Counsel

19  for Meetrix proposed a stipulated stay in this case until the jurisdictional determination in the

20  Texas case was made; counsel for Verizon/BlueJeans declined.  (DiNovo Decl., ¶ 2.)  Meetrix

21  proposes that that the Court suspend this case and any decision regarding coordination until the

22  resolution of the motion to dismiss.

23  //

24  //

25  //

26  //

27  //

28  //

NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING

1    **IV.**    **Conclusion**

2          For the foregoing reasons, defendant Meetrix respectfully requests that the Court

3    coordinate this case and the Texas case by having the parties submit a joint status report within ten

4    (10) days of the Texas court adjudicating the pending Motion to Dismiss.

5

6    DATE:  April 7, 2022                    DINOVO PRICE, LLP

7                                            */s/ Andrew G. DiNovo*
                                            Andrew G. DiNovo (Admitted *Pro Hac Vice*)
8                                           *adinovo@dinovoprice.com*
                                            Christopher v. Goodpastor (SB# 199350)
9                                           *cgoodpastor@dinovoprice.com*
10                                          DINOVO PRICE LLP
                                            7000 N. MoPac Expressway, Suite 350
11                                          Austin, TX  78731
                                            Telephone: (512) 539-2626
12                                          Facsimile:  (512) 539-2627

13                                          W. Paul Schuck (SB# 203717)
14                                          *pschuck@bzbm.com*
                                            BARTKO ZANKEL BUNZEL & MILLER
15                                          A Professional Law Corporation
                                            One Embarcadero Center, Suite 800
16                                          San Francisco, California 94111
                                            Telephone: (415) 956-1900
17                                          Facsimile:  (415) 956-1152

18

19                           **ATTESTATION OF E-FILER**

20          Pursuant to Local Rule 5-1(i), the undersigned ECF user whose login and password are

21    being used in filing this document, hereby attests that the signatory has concurred in the filing of

22    this document.

23    Dated: April 7, 2022                    */s/ W. Paul Schuck*
                                            W. Paul Schuck

24

25

26

27

28